UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH M.,

         Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

         Defendant.
_____

**DECISION AND ORDER**

1:20-CV-01090 EAW

## INTRODUCTION

Plaintiff Kenneth M. ("Plaintiff") seeks attorneys' fees of $27,441.00 pursuant to 42 U.S.C. § 406(b). (Dkt. 21). The Commissioner of Social Security ("the Commissioner") does not support or object to the requested amount and defers to the Court to determine the reasonableness of Plaintiff's fee request. (Dkt. 23). For the reasons that follow, the Court grants Plaintiff's motion.

## BACKGROUND

On August 14, 2020, Plaintiff filed this action, seeking review of the Commissioner's final decision denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). Plaintiff moved for judgment on the pleadings on August 9, 2021. (Dkt. 13). On May 23, 2022, the Court granted Plaintiff's motion for judgment on the pleadings to the extent that the matter was remanded for further administrative proceedings. (Dkt. 17).

By Stipulated Order filed on August 11, 2022, the Court approved payment of $6,977.39 in attorneys' fees to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for services performed in connection with this action. (Dkt. 20).

On January 10, 2024, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that the Commissioner withheld $27,441.00 from Plaintiff's past-due benefits to pay for Plaintiff's attorneys' fees. (Dkt. 21-5 at 3).

On January 23, 2024, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking a total of $27,441.00 in attorneys' fees. (Dkt. 21). In his motion, Plaintiff's counsel indicates that his firm was awarded the sum of $6,977.39 under the EAJA, which he will refund to Plaintiff once the instant fee application is resolved. (Dkt. 21-1 at 2). The Commissioner filed a response on February 13, 2024. (Dkt. 23).

## DISCUSSION

**I.     Timeliness of the Motion**

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

Here, the Commissioner issued the Notice of Award on January 10, 2024. (Dkt. 21-5 at 1). Plaintiff's counsel filed his application 13 days later on January 23, 2024. (Dkt. 21). Accordingly, Plaintiff's application is timely.

II.     **The Reasonableness of the Requested Fee**

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17. As such, the Commissioner's failure to support or oppose the motion is

not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $27,441.00 in attorneys' fees that is represented to be 25 percent of the past-due benefits. (Dkt. 21-1 at 6). Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. Counsel provided effective representation, resulting in Plaintiff successfully receiving the benefits sought. There is no

reason to believe that Plaintiff is dissatisfied with the outcome of such representation. The success of Plaintiff's claim was uncertain as demonstrated by a denial of his application before Plaintiff won a fully favorable decision. (*See* Dkt. 21-3). Accordingly, the hours expended by counsel were reasonable in light of the issues presented and the extent of representation.

The requested fee would result in a *de facto* hourly rate of $868.39 ($27,441.00 divided by 31.6 hours). (*See* Dkt. 21-6). The Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall. Even though the hourly rate requested is greater than Plaintiff's counsel's normal hourly rate of $400.00 per hour (Dkt. 21-2 at ¶ 16), counsel's successful representation ultimately achieved the grant of Plaintiff's motion for judgment on the pleadings and a remand that ultimately resulted in Plaintiff's receipt of a fully favorable decision and past-due benefits. The effective hourly rate of $868.39 falls within (or below) the range of rates under § 406(b) approved by courts. *See, e.g.*, *Fields,* 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Anthony F. v. Comm'r of Soc. Security*, No. 1:21-cv-0934-EAW, 2024 WL 2889097, at *2 (W.D.N.Y. June 10, 2024) (approving *de facto* hourly rate of $985.22); *Jennifer W. v. Saul*, No. 18-CV-493F, 2021 WL 1624288, at *3 (W.D.N.Y. Apr. 27, 2021) (approving an effective hourly rate of $812.75).

Having considered the required factors, the Court finds that counsel's effective hourly rate of $868.39 is reasonable and in line with awards generally approved in this District for similar work performed. The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" *Buckley v. Berryhill*, 15-CV-

- 5 -

0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id*. (quotation marks omitted).

The Court also notes that counsel must return the previously paid EAJA fee of $6,977.39 to Plaintiff. (Dkt. 20; Dkt. 21-1 at 2). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 21) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees of $27,441.00 out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel must refund the previously received EAJA fee of $6,977.39 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: August 21, 2024
       Rochester, New York